IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

    TOYA ANN CUNNINGHAM,

        Debtor.

Bankruptcy No. 04-2636
Adversary Proceeding No. 04-105

TOYA ANN CUNNINGHAM,

        Plaintiff,

v.

SALLIE MAE SERVICING CORPORATION,
UNITED STATES OF AMERICA on behalf
of its agency, DIRECT LOANS and
EDUCATIONAL CREDIT MANAGEMENT CORPORATION,

        Defendants.

Civil Action No. 5:05CV198
(STAMP)

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE OPINION OF THE BANKRUPTCY COURT**
**AND DENYING APPEAL**

Toya Ann Cunningham ("Cunningham") appeals an order from the United States Bankruptcy Court for the Northern District of West Virginia that found Cunningham's student loans to be nondischargeable. For reasons stated below, this Court finds that the bankruptcy court's opinion should be affirmed and Cunningham's appeal denied.

I. Procedural History

On July 22, 2004, Cunningham filed a petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code and filed a complaint seeking to discharge student loans in whole or in part for undue hardship under 11 U.S.C. § 523(a)(8)(B). In her

complaint, Cunningham argued that her income and monthly expenses were insufficient to make payments on her student loan debt and further maintained that a series of medical conditions limit her employment opportunities.

On December 14, 2004, United States Bankruptcy Judge L. Edward Friend, II presided over a trial on whether Cunningham's loans were dischargeable after which Cunningham's complaint was found to be premature. On December 22, 2004, Judge Friend granted Cunningham's motion to voluntarily convert her case to a Chapter 7 bankruptcy and vacated his previous order dismissing the Cunningham's complaint of undue hardship. Following a briefing schedule, the parties filed memoranda in support and in opposition of Cunningham's complaint regarding the discharge of student loans.

On October 18, 2005, Judge Friend entered an opinion finding Cunningham's student loans to be non-dischargeable. Cunningham filed a timely appeal and filed a brief in support of her appeal. The United States filed a brief in opposition and the Educational Credit Management Corporation ("ECMC") filed a separate brief in opposition.

## II. Facts

Cunningham, a 51 year old woman, is employed as a case manager at St. John's Home for Children. She began working for St. John's in 1989 and has served as a case manager since 1992. Cunningham is not married and has no dependents. However, she suffers from

myasthenia gravis,[1] asthma, vertigo, high blood pressure, high cholesterol, esophageal reflux, obesity and spinal stenosis. She takes prescription drugs for several of her ailments and is able to work from home or use leave time when necessary to accommodate her medical limitations.[2]

Cunningham received student loans from the Sallie Mae Servicing Corporation to attend undergraduate school at Wheeling Jesuit University. These undergraduate loans were assigned to the ECMC. Cunningham completed her undergraduate work and began graduate studies at West Virginia University in 1999. She secured funding for her graduate studies from the William D. Ford Federal Direct Loan Program and successfully completed a Master's Degree in Community Health Education in 2001. At the time of trial in this action, her student loan debt was $11,500.00 for her Bachelor's degree and $37,993.37 for her Master's degree.

Cunningham filed a General Forbearance Request on February 22, 2002 and again on January 29, 2003.[3] Both requests were granted. As stated above, Cunningham filed for relief under the Bankruptcy Code and sought to discharge her student loan debt.

---

[1]She was diagnosed myasthenia gravis in 1993.

[2]Cunningham contends that flexible hours will be unavailable, but provides no evidence to support this contention.

[3]Her first forbearance request was for a period from March 1, 2002 to January 29, 2003, and her second forbearance request was for a period from February 1, 2003 to February 1, 2004.

At the time of trial on dischargeability, Cunningham's assets included a modular home she valued at $20,340.00 and a 1999 Chevrolet Blazer. Pursuant to the Bankruptcy Code, Cunningham tracked her income and expenses for three months and reported that her after-tax income averaged $1,709.81 and her expenses averaged $1,619.27. Accordingly, the appellant had a self-reported surplus of $90.54 for that three-month period. In addition, bank deposits made over a 55-month period preceding the filing of her bankruptcy petition indicated that Cunningham had made average monthly deposits of $2,599.26. Cunningham allegedly received a gift of $3,500.00 from her father to repair her roof during this 55-month period as well as several bonuses and other financial benefits from her employer.

### III. Standard of Review

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law de novo. See In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992); Travelers Ins. Co. v. Bryson Prop., XVIII (In re Bryson Prop., XVIII), 961 F.2d 496, 499 (4th Cir.), cert. denied sub nom., Bryson Prop., XVIII v. Travelers Ins. Co., 506 U.S. 866 (1992). "Whether a debtor has met the undue hardship standard is a legal conclusion that is based on the debtor's individual financial circumstances." In re Frushour, 433 F.3d 393, 398 (4th Cir. 2005). Thus, the determination of whether

a debtor has not met the undue hardship standard is reviewed <u>de novo</u>, but factual underpinnings of the legal conclusion are reviewed for clear error. <u>Id.</u> at 399.

IV. <u>Applicable Law</u>

In determining whether a debtor has met the undue hardship standard for purposes of discharging government-guaranteed educational loans in bankruptcy, the Fourth Circuit follows the three-prong test set forth in <u>Brunner v. New York State Higher Educ. Servs.</u>, 831 F.2d 395 (1987). <u>See</u> <u>In re Frushour</u>, 433 F.3d at 400-401. Accordingly, the debtor must show (1) that the debtor could not maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances existed indicating that this state of affairs was likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor had made good faith efforts to repay the loans. <u>Brunner</u> at 396; <u>Frushour</u> at 400. "The debtor has the burden of proving all three factors by a preponderance of the evidence." <u>Frushour</u> at 400.

V. <u>Discussion</u>

A. <u>Disposable Income Analysis</u>

Cunningham argues that Bankruptcy Judge Friend clearly erred when he found Cunningham had disposable income with which to repay her student loans. The appellant's argument appears to go toward

5

the first and second prong of the Brunner test.  Specifically, the appellant contends that a one-time gift from her father used to fix a roof, certain loan proceeds disbursed for educational purposes, bonuses from work and liquidated leave time constitute irregular income that artificially and unreliably increased her disposable income for the 55-month period considered by Judge Friend pursuant to the Bankruptcy Code.  Cunningham argues that the bankruptcy judge improperly used such irregular income when he determined that the appellant could maintain a minimal standard of living if required to repay her student loans.

Both the United States and ECMC argue that Cunningham's income and expenses were correctly calculated by the bankruptcy judge.

The United States argues that the appellant failed to present sufficient evidence at trial to demonstrate that the irregular income, which the plaintiff had consistently used to supplement her base salary, would not continue to be available.  In addition, the United States argued that the appellant's base income from her employer had steadily increased over the last seven years and could be expected to continue to increase in the future.

ECMC argues that the appellant failed to explain the discrepancy between her income over the three-month period she recorded and the average income recorded by deposits over a period of 55 months.  ECMC further contends that the appellant failed to explain approximately three years of income surplus deposits during

the time of which no loans were repaid, and provided no evidence to support her argument that surplus income will not continue to be available.

After careful review of the record in this case, this Court finds no clear error in the finding by the bankruptcy judge that the appellant had disposable income with which to repay her student loans. First, this Court agrees with the United States that the plaintiff's base salary has consistently increased during her time as an employee at St. John's Home for Children. Though she was diagnosed with myasthenia gravis in 1993, Cunningham has been able to complete her graduate studies and has continued to progress in her career gaining additional responsibilities, bonuses and income opportunities. Moreover, the appellant has not shown by a preponderance of evidence that the flexible work schedule and the opportunities for raises and bonuses will somehow be unavailable in the future.

Second, there is no error in the bankruptcy court's decision to consider income available to the appellant from sources other than her employer. See In re Greco, 251 B.R. 670, 677 (Bankr. E.D. Pa. 2000)("[A]ssistance available from any other source is a factor which we must take into consideration in determining the Debtor's overall financial picture"). The appellant has failed to show by a preponderance of evidence that additional income similar to that reflected in her banking deposits will not continue in the future.

7

Indeed, as the United States notes, the appellant testified that she had a surplus of $97.00 in September 2004, a surplus of $45.00 in October 2004 and a surplus of $130.00 in November 2004.

Accordingly, this Court finds that the bankruptcy judge did not clearly err in his review of the appellant's income, his determination that the appellant had a surplus and his finding that the appellant had not satisfied the first or second prong of the Brunner test.

B.  Good Faith Effort to Repay Loan

Even if the bankruptcy judge had erred in finding that the appellant operated with a surplus in income, the Brunner test requires the appellant to prove each prong by a preponderance of evidence, and this Court finds the appellant has failed to prove the third prong that Cunningham has attempted to pay her student loans in "good faith."  The appellant argues that her good faith effort is evidenced by her attempt to maximize income and minimize expenses.  The appellant argues that the bankruptcy court should not have focused on the fact that Cunningham had made only one payment of $25.00 toward her debt, but should have considered "the totality of her repayment history."  (Appellant Br. at 11.)

This Court finds that the bankruptcy judge did not err when he found the appellant had not made a "good faith" effort to repay her student loans.  First, the record supports the bankruptcy judge's determination that the debtor did not make a diligent pursuit of

repayment options offered by the government. For example, as the United States notes, an Income Contingent Repayment Plan ("ICRP") was available to Cunningham as a way of mitigating repayment expenses. See 34 C.F.R. § 685.208. Under such a plan, the appellant's repayment amount would have been recalculated each year based on changes in her adjusted gross income, the variable interest rate, the income percentage factors and updated Human Health Services Guidelines. Cunningham did not take advantage of ICRP. "As many courts across the country have noted, failure to diligently pursue repayment options is a factor properly to be considered in applying Brunner's good faith requirement." In re Boykin, 313 B.R. 516, 523 (M.D. Ga. 2004)(citing Douglass v. Great Lakes Higher Educ. Servicing Corp., 237 B.R. 652, 657 (Bankr. N.D. Ohio 1999); and United States Dep't of Educ. v. Wallace, 259 B.R. 170, 184 (C.D. Cal. 2000); see also Frushour, 433 F.3d at 402 (good faith looks at the debtor's effort to seek out loan consolidation options that make debt less onerous)). Thus, Judge Friend properly weighed this factor.

Second, this Court agrees with the bankruptcy judge's finding that the appellant's sole payment of $25.00 toward her graduate loans as well as her failure to make any regular payments toward her graduate loans are relevant to the Court's finding of no good faith. See In re Gill, 326 B.R. 611, 642 (E.D. Va. 2005)("any good faith found as to repayment is diminished by the fact that [the

9

debtor] . . . has made no payments on the Loan since 2001"); In re Perkins, 318 B.R. 300, 312 (M.D.N.C. 2004)("by obtaining six forbearance and declining to pay even the interest during such forbearances, the Plaintiff unnecessarily increased her indebtedness").

The appellant argues that the bankruptcy judge inappropriately focused on Cunningham's graduate loans, and failed to consider all loans involving both defendants together. Even if the bankruptcy court did, in fact, limit its consideration to the appellant's failure to consistently pay down debt on her graduate loan, the bankruptcy court would not have been in error.[4] As both the United States and ECMC note, there is no authority that suggests that a debtor who pays down one loan while neglecting another acts in good faith. Moreover, this Court agrees with the United States' position that Cunningham should not be allowed to conceal her non-payment of her graduate loans behind payment of certain undergraduate loans for purposes of the good faith analysis. Ultimately, Cunningham has failed to make a good faith effort to take advantage of the many options available to her to ease her payment burden, and she has failed to make payments with regularity.

---

[4] Of course, as stated above, this Court finds that Judge Friend focused on several of the appellant's actions that bar a finding of good faith.

For the reasons stated above, this Court finds that Judge Friend correctly considered Cunningham's poor repayment history when he determined that she had not demonstrated "good faith" under the Brunner analysis.

## VI. Conclusion

For the reasons stated above, this Court hereby AFFIRMS the Bankruptcy Court's order finding Cunningham's student loans to be nondischargeable. Accordingly, the appellant's appeal is DENIED and this civil action is hereby DISMISSED and STRICKEN from the docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 26, 2006

/s/ Frederick P. Stamp, Jr
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE